alacrity, because it hazards great prejudice to allow a party to reap the benefits of a contract for itself while reserving the right to claim the contract is invalid. Here, Trascent not only employed Bouri as a Managing Principal for sixteen months [19] without seeking to rescind the contract but then sued Bouri on the contract.[20] Recognizing that allowing Trascent to avoid its contractual duty to make immediate advancement payments by making a belated fraudulent inducement claim would impede the efficiency of the summary mechanism provided by 8 *Del. C.* § 145(k) and impair the public policies served by contractual advancement provisions made in reliance upon that provision of the DGCL as well as the Limited Liability Company Act, the Court of Chancery properly refused to delay enforcing the plain language of the contract. This determination was sound and in keeping with our state's public policies.[21] "Advancement is an especially important corollary to indemnification as an inducement for attracting capable individuals into corporate service." [22] Thus, we affirm the Court of Chancery's well-reasoned decision.

### John SINGLETON,* Petitioner

19. *Chancery Ruling* at 4, 6 (noting that Bouri entered the Employment Agreement on January 1, 2014, and was terminated on April 8, 2015); *see also id.* at 8–9.

20. App. Appellant's Opening Br. at A–84 to –86 (Plaintiff Trascent Management Consulting, LLC's First Amended Complaint) (alleging Bouri's breach of his Employment Agreement).

21. The Court of Chancery's sensible decision has an analogy in another context, where similar incentives for unproductive gamesmanship arise. Parties to agreements to arbitrate disputes often have second thoughts when a dispute actually comes. To escape their promise to arbitrate, these parties then argue that the contract requiring arbitration was induced by fraud and that they therefore do not have to arbitrate, at least until the contract is shown to be untainted by fraud. Much like contracts for advancement, this state's public policy favors enforcement of valid arbitration agreements and therefore these arguments have been rejected by our courts (and the federal courts). *See, e.g., Elf Atochem North America, Inc. v. Jaffari,* 727 A.2d 286, 292, 295 (Del. 1999); *SBC Interactive, Inc. v. Corporate Media Partners,* 714 A.2d 758, 761 (Del. 1998). "A claim of fraud in the inducement of the contract generally— as opposed to the arbitration clause itself—is for the arbitrators and not for the courts." *Karish v. SI Intern., Inc.,* No. 2002 WL 1402303 at *4 (Del. Ch. June 24, 2002) (*quoting Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 400, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967)); *see also Carlyle Inv. Mgmt. L.L.C. v. Nat'l Indus. Grp. (Holding),* 2012 WL 4847089, at *10 (Del. Ch. Oct. 11, 2012), *aff'd,* 67 A.3d 373 (Del. 2013) ("Under Delaware and federal law, a party cannot escape a valid forum selection clause, or its analogue, an arbitration clause, by arguing that the *underlying contract* was fraudulently induced or invalid for some reason unrelated to the forum selection or arbitration clause itself."). This practice rightly avoids parties attaching an attack on the validity of the underlying agreement to every contract dispute to avoid its previously made promise to arbitrate. As illustrated by Trascent's late-arriving claims in this case, the temptation to renege exists for those who initially promised advancement too.

22. *Homestore, Inc. v. Tafeen,* 888 A.2d 204, 211 (Del. 2005).

* The Court previously assigned pseudonyms to the parties. Del. Supr. Ct. R. 7(d).

Below, Appellant,

v.

Yolanda HARDING, Respondent Below, Appellee.

No. 522, 2016

Supreme Court of Delaware.

Submitted: November 22, 2016

Decided: November 28, 2016

Court Below—Family Court of the State of Delaware, File No. CN05–05568, Pet. No. 16–26665

DISMISSED.

ROOS FOODS, Appellant Below–Appellant,

v.

Magdalena GUARDADO, Appellee Below–Appellee.

No. 160, 2016

Supreme Court of Delaware.

Submitted: September 28, 2016

Decided: November 29, 2016